[No. B166989. Second Dist., Div. Six. May 20, 2004.]

Estate of EMIL DeLORETO, Deceased.

MILDRED LAVADO et al., Petitioners and Appellants, v.
JAMES M. DeLORETO, as Trustee, etc., et al., Objectors and Respondents.

## COUNSEL

Monty H. Amyx and Robert L. Bletcher for Petitioners and Appellants.

James P. Ballantine for Objectors and Respondents.

## OPINION

**GILBERT, P. J.**—The beneficiary of his father's testamentary trust adopts two adult children. They claim to be members of the class of grandchildren who are trust beneficiaries. Probate Code[1] section 21115, subdivision (b) states a rule of construction excluding such adopted adults from the class of the testator's grandchildren. The trial court, relying on section 21115, grants summary judgment in favor of the trust and its beneficiaries[2] and against the

---

[1] All statutory references are to the Probate Code unless otherwise stated.

[2] James M. DeLoreto, Lillis M. Gibson, as Trustees, etc., James M. DeLoreto, Jr., Edward S. DeLoreto, William F. DeLoreto and John R. DeLoreto.

adult adoptees. We affirm because section 21115, subdivision (b) applies even though it was enacted after the testator's death.

FACTS

Emil DeLoreto (testator) died on January 3, 1966. He left a will dated March 26, 1964, and a codicil dated September 22, 1964.

The second paragraph of the will declares that the testator has three children, Emil F. DeLoreto, Lillis M. Gibson and James M. DeLoreto, and four grandchildren. The will does not name the grandchildren. The will creates a residuary trust under which the net income is paid to the testator's children and to any grandchildren of a deceased child. The trust terminates when the youngest grandchild living at the testator's death becomes or would become 21 years of age. Thereupon the corpus is distributed in equal shares to each grandchild or to the issue of a deceased grandchild by right of representation.

The codicil gives a cash gift of $5,000 to each grandchild. It also provides that the residuary trust will terminate early if all children then living unanimously so elect. The corpus will then be distributed to the living children and grandchildren by right of representation.

At the time of the testator's death, Emil F. was 55 years old and had no children; Lillis was 51 and had no children; and James was 49. James had four children who are the grandchildren referred to in the second paragraph of the will. The will was admitted to probate and the order of final distribution listed the four children of James as the only grandchildren.

Emil F. died in August of 2001. Mildred Lavado and Deborah Lavado Rawlintes (the Lavados) filed a petition to determine entitlement to distribution under the residual trust. The Lavados alleged that they are the adopted children of Emil F. and thus qualify as grandchildren for the purposes of distribution. Lillis, James and the children of James (collectively the DeLoreto family) were named as respondents.

The DeLoreto family moved for summary judgment. The material undisputed facts are these:

The Lavados were adults when they were adopted by Emil F. and his wife in August of 1985. Mildred was 45 years old and Deborah was 27 at the time of the adoption. The Lavados are mother and daughter and the niece and grandniece of Emil F.'s deceased wife.

Neither Lavado ever resided with Emil F. or his wife as a regular member of their household. Each, during her entire minority, was a regular member of her natural parents' household, was supported by her natural parents and never looked beyond her natural parents for lodging or support.

As stated as an undisputed fact in the DeLoreto family's motion for summary judgment, the testator "did not have any personal relationship with [the Lavados], and had no intention that they benefit under his Will or Trust." Whatever interaction testator may have had with the Lavados, he did not contemplate that they inherit any portion of his estate.

## DISCUSSION

### I

■ Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such references are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].)

■ "[T]he paramount concern in the construction of wills is to ascertain and give effect to the intent of the testator . . . ." (*Estate of Della Sala* (1999) 73 Cal.App.4th 463, 468 [86 Cal.Rptr.2d 569].) Rules of construction guide the court in determining the testator's intent. (See *In re Fair's Estate* (1901) 132 Cal. 523, 566 [64 P. 1000].) In contrast, rules of law apply without regard to the testator's intent. (*Ibid.*) Among the rules of construction established by the Probate Code is section 21115, subdivision (b).

Section 21115, subdivision (b) provides in part: "In construing a transfer by a transferor who is not the adoptive parent, a person adopted by the adoptive parent shall not be considered the child of that parent unless the person lived while a minor (either before or after the adoption) as a regular member of the household of the adopting parent or of that parent's parent, brother, sister, or surviving spouse."

■ Here the uncontradicted evidence is that the Lavados, while minors, were not regular members of the household of Emil F. or his parent, brother,

sister, or surviving spouse. Thus in the absence of overriding evidence that the testator actually intended to benefit the Lavados, the will must be construed as excluding them from the class of the testator's grandchildren. Not only is there an absence of such overriding evidence, but the uncontradicted evidence is that the testator had no relationship with the Lavados and never intended to benefit them.

■ The Lavados argue that section 21115 does not apply because it was enacted after the testator's death. But the Lavados ignore section 21140, which provides that section 21115 applies to all instruments, regardless of when executed.

■ For the first time in their reply brief, the Lavados argue that the retroactive application of section 21115 would deprive them of their property in violation of the Fourteenth Amendment. We need not decide issues raised for the first time in the reply brief. (See 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 616, pp. 647–648.)

■ In any event, the argument has no merit. Section 21115 is a rule of construction applied for the purpose of determining the testator's intent. Its application here comports with the uncontradicted evidence of the testator's actual intent. The testator never intended to benefit the Lavados. The Lavados never had any interest in the testator's estate and the application of section 21115 deprives them of none.

■ The Lavados claim section 21115 should not apply because the will is not ambiguous. They believe that a statutory rule of construction should not be applied in the absence of an ambiguity. They also believe that extrinsic evidence as to the testator's intent should not be admitted in the absence of an ambiguity. But instead of speaking in terms of ambiguities, the proper analysis requires that we ask whether the language of the will is "reasonably susceptible" of the interpretation suggested by a rule of construction or extrinsic evidence. (See *Estate of Russell* (1968) 69 Cal.2d 200, 212 [70 Cal.Rptr. 561, 444 P.2d 353].) Here the Lavados point out that the will does not expressly limit the class of grandchildren to the four sons of James. But neither does the will expressly include adult adoptees within the class of grandchildren. It is the absence of such express language that makes the will reasonably susceptible to the interpretation suggested by section 21115, subdivision (b) and the extrinsic evidence of the testator's intent.

The Lavados argue there was no ambiguity at the time the will was executed. They claim the law was then clear that a person adopted as an adult would be included in the class of grandchildren. They cite *In re Estate of Dye* (2001) 92 Cal.App.4th 966, 973 [112 Cal.Rptr.2d 362] for the proposition

that it is presumed citizens know the law and any person who does not want the law applied to his or her estate must opt out by preparing a will setting forth some other disposition. The Lavados' argument is simply another way of attacking the application of section 21115 to a previously executed will. We have rejected that argument.

The Lavados argue section 21115, subdivision (b) should be liberally construed to include close family members who resided while minors as regular members of an in-law's household. This would include the Lavados because they are Emil F.'s wife's niece and grandniece. As precedent for liberal construction, the Lavados cite *In re Cox* (1970) 3 Cal.3d 205, 216 [90 Cal.Rptr. 24, 474 P.2d 992]. There the court construed the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) as prohibiting all arbitrary discrimination, in spite of the specific categories stated in the act.

But in *Cox*, there were strong reasons of policy in favor of liberal construction. Here the Lavados suggest no policy as compelling as the elimination of discrimination. It is true there is a policy in favor of adoptions, at least for minors. But strict application of section 21115 will not discourage adoptions consummated for the proper reasons of love and respect. It will only discourage adoptions made for the purpose of becoming beneficiaries of the estates of unsuspecting testators.

The Lavados and Emil F. and his wife may have had a close and loving relationship. But it is not the intention of Emil F. and his wife that controls. It is the intention of the testator. At the risk of repeating ourselves, here the testator had no personal relationship with the Lavados and had no intention of benefiting them. The uncontradicted evidence of the intent of the testator is fatal to the Lavados' claim, even in the absence of the rule of construction stated in section 21115.

■ Finally, the Lavados argue the codicil to the will showed the testator's intent that each of his three children should be able to give his or her share to whomever he or she pleases. But contrary to the Lavados' argument, the codicil did not give each child a free hand in disposing of his share. The codicil allows the testator's children to terminate the trust only if all living children agree. The children did not agree.

The judgment is affirmed. Costs are awarded to respondents.

Yegan, J., and Coffee, J., concurred.

On May 25, 2004, the opinion was modified to read as printed above.